UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR, <br><br> Plaintiff, <br><br> v. <br><br> CHELSEA KOCH and JONATHAN WALDRAM, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT** <br><br> Case No. 2:22-cv-00067 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Ana Maria Ravines de Schur, proceeding *in forma pauperis*, filed this action against Chelsea Koch, a judge in Utah's Third District Court, and Jonathan Waldram, a public defender. (*See* Compl., Doc. No. 6.) For the reasons explained below, the court ORDERS Ms. Ravines de Schur to file an amended complaint by **April 21, 2022**.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its

1

face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Because Ms. Ravines de Schur proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

In her complaint, Ms. Ravines de Schur raises various objections to criminal proceedings against her son Nathan Schur in Utah state court. (Compl., Doc. No. 6 at 1–3.) She names the presiding judge, Chelsea Koch, and Mr. Schur's public defender, Jonathan Waldram, as defendants. (*Id.* at 1–2.) She alleges Mr. Schur asked to have Mr. Waldram removed as counsel so he could represent himself. (*Id.* at 2.) But Judge Koch advised Mr. Schur not to relinquish the services of the public defender because she had worked with Mr. Waldram for a long time and recommended his representation. (*Id.*) Ms. Ravines de Schur asserts this recommendation broke the judge's "Code of Ethics." (*Id.*) Next, she complains that Judge Koch did not allow her to speak at the hearing and Mr. Waldram did not call her as a witness. (*Id.*) She states she is "concerned that she was discriminated by the bias existing in the state of Utah against the color of [her] skin." (*Id.*) She also alleges Judge Koch and Mr. Waldram did not "pay any attention to" Mr. Schur's evidence and exhibits. (*Id.* at 2–3.) She claims the Utah court's treatment of Mr. Schur "did not take under consideration the existence of structural racism" in Utah. (*Id.* at 3.) The remainder of her complaint alleges mistreatment of her and her son by various individuals and entities not named as defendants, and she complains generally about the treatment of refugees in Utah. (*Id.* at 3–7.) Ms. Ravines de Schur asks this court to declare the Utah court's decision a "mistrial," and she seeks an award of $144,000 each to her and her son to pay for therapy. (*Id.* at 8–9.)

Ms. Ravines de Schur's complaint fails to state a claim on which relief can be granted. Ms. Ravines de Schur was not a party to the Utah state criminal case, and she lacks standing to challenge the outcome of that case or to assert claims on behalf of her son regarding alleged

violations of his rights in that case.[1] The only allegation she makes concerning her own treatment is that she was not allowed to speak and was not called as a witness. However, these allegations fail to state a cognizable claim for a violation of Ms. Ravines de Schur's federal rights—or any recognized legal claim. Ms. Ravines de Schur's allegation that she was discriminated against on account of her race is conclusory and unsupported by factual development. And to the extent she seeks monetary damages against Judge Koch for actions taken in the judge's judicial capacity, this claim is barred by the doctrine of judicial immunity. *See Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008). Finally, Ms. Ravines de Schur's allegations of mistreatment by nonparties, and her general complaints about Utah's treatment of refugees, fail to state a claim against the named defendants in this action.

For these reasons, Ms. Ravines de Schur's complaint fails to state a plausible claim for relief under Rule 12(b)(6). Indeed, because it lacks an arguable basis in law or fact, the complaint is frivolous. Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217

---

[1] Even if Mr. Schur were named as a plaintiff in this action, this court would lack jurisdiction to intervene in the state criminal case or to review any state court judgment in that case. *See Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (noting that under the *Rooker-Feldman* doctrine, "[t]he losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state [] judgment in a United States district court" (internal quotation marks omitted)); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." (internal quotation marks omitted)).

(internal quotation marks omitted). Accordingly, the court gives Ms. Ravines de Schur an opportunity to amend her complaint.

## CONCLUSION

The court ORDERS as follows:

1. Ms. Ravines de Schur is ordered to file an amended complaint by **April 21, 2022**. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

3. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's February 9, 2022 order, (Doc. No. 17), remains in place.

4. Failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 7th day of April, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge