UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR,<br><br>Plaintiff,<br><br>v.<br><br>CHELSEA KOCH and JONATHAN WALDRAM,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE**<br><br>Case No. 2:22-cv-00067<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Ana Maria Ravines de Schur, proceeding *in forma pauperis*, filed this action against Chelsea Koch, a judge in Utah's Third District Court, and Jonathan Waldram, a public defender. (*See* Compl., Doc. No. 6.) On April 7, 2022, the court identified deficiencies in the complaint and ordered Ms. Ravines de Schur to file an amended complaint by April 21, 2022. (Doc. No. 27.) This deadline was later extended to May 3, 2022. (Doc. No. 29.) On May 4, 2022, Ms. Ravines de Schur filed two identical documents entitled "Amended Complaint," (Doc. Nos. 30 and 32), and she filed a third document entitled "Amended Complaint" on May 7, (Doc. No. 36). She also filed hundreds of pages of additional documents between May 4 and May 30. (Doc. Nos. 31, 33–40.)

Upon review of the amended pleadings under 28 U.S.C. § 1915(e)(2)(B), it is evident Ms. Ravines de Schur's pleadings are frivolous and fail to state a plausible claim for relief—and

further opportunities to amend would be futile.  Accordingly, the undersigned[1] recommends the district judge dismiss this action with prejudice.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Id.*  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).  But the court need not accept the plaintiff's conclusory allegations as true.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff must offer specific factual allegations to support each

---

[1] On February 9, 2022, this case was transferred to District Judge David Barlow, who referred the case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (Order Transferring Cases, Doc. No. 16.)

claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  A complaint

is frivolous where "it lacks an arguable basis either in law or in fact."  *Tucker v. U.S. Ct. of App.*

*for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Because Ms. Ravines de Schur proceeds pro se, her filings are liberally construed and

held "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall*, 935 F.2d at

1110.  Still, pro se plaintiffs must "follow the same rules of procedure that govern other

litigants."  *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  For

instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized

legal claim could be based."  *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal

quotation marks omitted).  While the court must make some allowances for a pro se plaintiff's

"failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and

sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110,

the court "will not supply additional factual allegations to round out a plaintiff's complaint or

construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096

(10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

As explained in the prior order, Ms. Ravines de Schur's original complaint raised various

objections to criminal proceedings against her son, Nathan Schur, in Utah state court.  (Compl.,

Doc. No. 6 at 1–3.)  The named defendants in this action are the judge who presided over the

case, Chelsea Koch, and Mr. Schur's public defender, Jonathan Waldram.  (*Id.* at 1–2.)  The

3

court previously found the original complaint failed to state a plausible claim for relief for the following reasons:

- Ms. Ravines de Schur lacks standing to challenge the outcome of her son's criminal case or to assert claims on behalf of her son regarding alleged violations of his rights in that case.[2]

- M. Ravines de Schur's allegations that she was not allowed to speak in court during her son's case and was not called as a witness fail to state a cognizable claim for a violation of Ms. Ravines de Schur's federal rights—or any recognized legal claim.

- Ms. Ravines de Schur's allegation that she was discriminated against on account of her race is conclusory and unsupported by factual development.

- To the extent she seeks monetary damages against Judge Koch for actions taken in the judge's judicial capacity, this claim is barred by the doctrine of judicial immunity.  *See Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008).

---

[2] As noted in the prior order, even if Mr. Schur were named as a plaintiff in this action, this court would lack jurisdiction to intervene in the state criminal case or to review any state court judgment in that case.  *See Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (noting that under the *Rooker-Feldman* doctrine, "[t]he losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state [] judgment in a United States district court" (internal quotation marks omitted)); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." (internal quotation marks omitted)).

- Ms. Ravines de Schur's allegations of mistreatment by nonparties, and her general complaints about Utah's treatment of refugees, fail to state a claim against the named defendants in this action.

(Mem. Decision and Order to File Am. Compl. 3–4, Doc. No. 27.)

Ms. Ravines de Schur's amended pleadings fail to correct these deficiencies.  For the most part, the amended pleadings merely repeat the grievances stated in the original complaint. Ms. Ravines de Schur adds that Judge Koch and Mr. Waldram "surreptitiously omitted" material evidence and witness testimony, and that Judge Koch sent an innocent person to jail.  (Am. Compl. 2, 4, Doc. No. 30; Am. Compl. 6, Doc. No. 36.)  But these additional objections to the criminal proceedings against Mr. Schur fail to state a claim for the same reasons set forth above. The remainder of the amended pleadings and other filed documents address the alleged mistreatment of refugees in Utah and other generalized grievances, but they do not state a claim against the named defendants.

For these reasons, Ms. Ravines de Schur's pleadings fail to state a plausible claim for relief.  Indeed, because her claims lack an arguable basis in law or fact, this action is frivolous. Ms. Ravines de Schur has filed multiple amended pleadings without curing the deficiencies in the original complaint.  Therefore, further opportunities to amend would be futile, and dismissal with prejudice is appropriate.

## RECOMMENDATION

Where Ms. Ravines de Schur's pleadings are frivolous and fail to state a plausible claim for relief, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The

court will send this Report and Recommendation to Ms. Ravines de Schur, who is notified of her

right to object to it.  Ms. Ravines de Schur must file any objection within fourteen (14) days of

service.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Failure to object may constitute waiver

of objections upon subsequent review.

DATED this 13th day of June, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge