THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANA MARIA RAVINES de SCHUR,<br><br>               Plaintiff,<br><br>v.<br><br>CHELSEA KOCH, District Judge for the Third Judicial District of Utah, and Jonathan Waldram, a Public Defender for the State of Utah,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [42] PLAINTIFF'S OBJECTIONS AND ADOPTING [41] REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-67<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

      This case is before the court on a Report and Recommendation issued by United States Magistrate Judge Daphne A. Oberg.[1] After seeking leave to proceed *in forma pauperis*,[2] which was granted,[3] Plaintiff filed her complaint on February 7, 2022.[4] Because Plaintiff is proceeding *in forma pauperis*, Judge Oberg conducted a mandatory review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and ordered Plaintiff to file an amended complaint, warning her that failing to do so may result in a recommendation to dismiss her case.[5]

---

[1] ECF No. 41, filed June 13, 2022.

[2] ECF No. 1.

[3] ECF No. 4.

[4] ECF No. 6.

[5] ECF No. 27.

Plaintiff filed an amended complaint on May 4, 2022, and a second document characterized as an amended complaint on May 7, 2022.[6] After reviewing these amended complaints, Judge Oberg issued a Report and Recommendation concluding that Plaintiff had failed to cure the deficiencies of her original complaint and recommending that Plaintiff's case be dismissed with prejudice pursuant to § 1915(e) because Plaintiff failed to state a claim for which relief can be granted.[7] Plaintiff timely filed objections pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72.[8]

## LEGAL STANDARD

The court must conduct a de novo review of any part of a magistrate judge's report and recommendation that has been properly objected to.[9] To trigger this de novo review, an objection must be timely and sufficiently specify the factual and legal issues that are in dispute.[10]

## ANALYSIS

Plaintiff raises two possible objections to Judge Oberg's Report and Recommendation.[11] First, Plaintiff contends that Judge Oberg improperly concluded that her claims are frivolous.[12] Second, Plaintiff contends that Judge Oberg's conclusions were the result of bias or conspiracy.[13]

---

[6] ECF Nos. 30, 32. These documents were technically untimely, as Plaintiff's amended complaint was due, after two extensions, on May 3, 2022. *See* ECF Nos. 27, 29. Plaintiff also filed hundreds of pages of additional documents after submitting these amended complaints, despite Judge Oberg's order not to do so. *See* ECF Nos. 31, 33–40.

[7] *See generally* ECF No. 41.

[8] ECF No. 42, filed June 20, 2022.

[9] Fed. R. Civ. P. 72(b)(3).

[10] *See United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[11] Any other possible objections are not stated with sufficient specificity to be recognized as such.

[12] ECF No. 42 at 1-7.

[13] *Id.* at 2.

With regard to the first objection, the court agrees with Judge Oberg that Plaintiff's claims are frivolous. Plaintiff alleges that she is entitled to relief because (1) Judge Koch violated her son's rights during a criminal action against him by recommending that he stick with Defendant Waldram as his public defender, (2) Judge Koch and Waldram failed to consider material evidence in her son's case, (3) she was not allowed to testify on behalf of her son during his case, and (4) she has been discriminated against in various ways while living in Utah.[14] Plaintiff has also submitted materials with her objections that supposedly support her claims.

However, Plaintiff has provided no basis for concluding that her claims are not frivolous. Neither her amended pleading nor the evidence she has provided renders her claims plausible under federal pleading standards, even given the liberal construction and less stringent standard the court applies to a pro se plaintiff's filings. Additionally, for her claims related to her son's criminal case in state court, a lack of evidence was not the primary basis for Judge Oberg's findings and recommendations. Rather, Judge Oberg correctly concluded that Plaintiff failed to identify any legal standing or basis to assert claims on behalf of her son with regard to his criminal case or any personal right of hers related thereto that has been violated. Because she still has not done so, her objection must be overruled.

The outcome for Plaintiff's second objection is the same. Plaintiff's allegations accusing Judge Oberg of bias or taking part in some type of conspiracy are wholly unsupported and unwarranted. Thus, this objection is overruled as well.

In sum, a de novo review of Plaintiff's complaints, the Report and Recommendation, and Plaintiff's objections leads the court to conclude that the Report and Recommendation is

---

[14] *See generally* ECF Nos. 6, 30, 32.

thorough and correct. Therefore, Plaintiff's objections will be overruled, and the Report and Recommendation will be adopted.

## ORDER

For the foregoing reasons, Plaintiff's objections to Judge Oberg's Report and Recommendation are OVERRULED, and the Report and Recommendation is ADOPTED WITHOUT MODIFICATION. Accordingly, Plaintiff's action is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e).

Signed June 27, 2022.

BY THE COURT

David Barlow
United States District Judge